UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOUIS WIGGINS, JR., | No. 2:20-cv-0983 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the Court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, plaintiff's testimony, lay witness testimony, and step five finding were erroneous.

////

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 11.)

1

For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

## PROCEDURAL BACKGROUND

On March 24, 2017, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 1, 2011. (Transcript ("Tr.") at 15, 193.) Plaintiff's alleged impairments included Valley Fever, diabetes, neuropathy, depression, forgetfulness, and uncontrolled sweats. (Id. at 198.) Plaintiff's application was denied initially, (id. at 106-10), and upon reconsideration. (Id. at 119-22.)

Plaintiff requested an administrative hearing which was held before an Administrative Law Judge ("ALJ") on November 8, 2018. (Id. at 34-72.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 34-43.) In a decision issued on May 9, 2019, the ALJ found that plaintiff was not disabled. (Id. at 28.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since March 24, 2017, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: diabetes mellitus with diabetic neuropathy; tuberculosis; and pulmonary coccidioidomycosis, also known as Valley Fever (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except as follows. The claimant can occasionally feel with the bilateral upper extremities. He can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never work around unprotected heights, and should avoid concentrated exposure to moving mechanical parts, fumes, dust, gasses, chemicals, and poorly ventilated areas.

////

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1977 and was 40 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 24, 2017, the date the application was filed (20 CFR 416.920(g)).

(Id. at 18-28.)

On April 1, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's May 9, 2019 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 15, 2020. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following four principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ improperly rejected plaintiff's testimony; (3) the ALJ improperly rejected lay witness testimony; and (4) the ALJ erred at step five of the sequential evaluation. (Pl.'s MSJ (ECF No. 19) at 13-26.[3])

**I.   Medical Opinion Evidence**

For Social Security disability cases filed prior to March 27, 2017, the weight to be given to medical opinions depends in part on whether the opinions are proffered by treating, examining,

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

or nonexamining health professionals.[4]  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion offered by Faranza Nawaz Ali, plaintiff's treating physician.  (Pl.'s MSJ (ECF No. 19) at 13-18.)  The ALJ's recounted Dr. Ali's opinion with respect to plaintiff's limitations, stating:

> In her estimation, the claimant could sit for only 45 minutes at a time but less than two hours total in an eight-hour workday and could not stand at all.  However, Dr. Ali also reported that the claimant required a job that permitted shifting positions between sitting, standing, and walking.  Additionally, Dr. Ali concluded the claimant would need to take unscheduled breaks at least every hour, and noted that she did not believe the claimant was capable of any physical work.  In her estimation, the claimant could rarely lift less than ten pounds, rarely

---

[4] Effective March 27, 2017, Revisions to Rules Regarding the Evaluation of Medical Evidence went into effect.  Plaintiff's application, however, was filed prior to March 27, 2017.  "For claims filed before March 27, 2017, but not decided until after that date . . . the rules listed in 20 C.F.R. §§ 404.1527(c), 416.927(c) apply."  Edinger v. Saul, 432 F.Supp.3d 516, 530 (E.D. Pa. 2020).

>stoop, and never perform other postural activities.  She also assessed significant manipulative limitations bilaterally.

(Tr. at 25.)

The ALJ elected to afford "little weight" to Dr. Ali's opinion.  (Id. at 26.)  The ALJ attempted to support this finding by asserting that Dr. Ali's opinion consisted of "filling out a pre-made, conclusory form within only a few months of beginning treatment[.]"  (Id.)  That assertion, however, is erroneous.

Dr. Ali had been treating plaintiff for approximately six months at the time of the opinion. (Id. at 775.)  Paradoxically, the ALJ afforded Dr. Ali's opinion "little weight compared to the assessments provided by Dr. Trias and Dr. Wong."  (Id. at 26.)  It appears the ALJ was referring to the opinions of E. Trias and B. Duoung, two non-treating, non-examining State agency physicians.

As to the thoroughness of Dr. Ali's opinion, the opinion is in the form of a completed Physical Residual Functional Capacity Questionnaire.  In completing the questionnaire Dr. Ali provided thorough answers, including citations to clinical findings and test results, diagnosis, objective signs, etc.  (Id. at 771.)  It cannot be said that Dr. Ali's opinion was conclusory.

Moreover, even assuming *arguendo*, that Dr. Ali's opinion consisted of only a simple "check-the-box form" an ALJ is "not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers."  Trevizo v. Berryhill, 871 F.3d 664, 677 n.4 (9th Cir. 2017).  "[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments."  Id; see also Rule v. Saul, 859 Fed. Appx. 754, 755 (9th Cir. 2021) ("Dr. Marks's use of a check-box form alone therefore was not a specific and legitimate reason for the ALJ to reject her opinion.").

The ALJ also attempted to support the rejection of Dr. Ali's opinion by noting that although Dr. Ali's own examination found plaintiff suffered from "atrophy of proximal muscles

and fasciculations with body movements," an examination by a neurologist two months later found "full power in the proximal and distal upper and lower limbs, as well as normal muscle bulk and tone." (Tr. at 26.) Dr. Ali's opinion, however, was supported by treatment for several diagnosis and findings. It is entirely unclear why a single examination finding relating to a narrow aspect of plaintiff's symptoms should support the rejection of a treating physician's entire opinion.

Accordingly, on this record the Court cannot find that the ALJ provided a specific and legitimate reason for rejecting the treating physician's opinion. Accordingly, plaintiff is entitled to summary judgment on this claim.

## II.     Plaintiff's Subjective Testimony

Plaintiff next challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 19) at 19-25.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

7

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing."  Id.

Here, the ALJ recounted plaintiff's testimony and ultimately found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reason explained in [the] decision."[6]  (Id.)

---

[5] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect.  "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness."  Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

[6] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014).  "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC.  By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do."  Trevizo, 871 F.3d at 679 n.6.

One reason given by the ALJ in support of this finding was plaintiff's history of noncompliance with treatment. (Id. at 24.) "Our case law is clear that if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007); see also Sager v. Colvin, 622 Fed. Appx. 629 (9th Cir. 2015) ("noncompliance undermines his claims of debilitating pain").

Moreover, the ALJ's finding is amply supported by the record. In this regard, there are multiple instances of treating providers noting plaintiff "stopped taking" medication, had a "history of noncompliance," "noncompliance" related to "methamphetamine use," and instances where plaintiff "adamantly refuses" treatment. (Tr. at 314, 366, 456, 800).

Accordingly, the ALJ provided a clear and convincing reason for rejecting plaintiff's testimony. Plaintiff, therefore, is not entitled to summary judgment on this claim.

**III.    Lay Witness Testimony**

Plaintiff also argues that the ALJ improperly rejected lay witness testimony. (Pl.'s MSJ (ECF No. 19) at 23-25.) The testimony of lay witnesses, including family members and friends, reflecting their own observations of how the claimant's impairments affect her activities must be considered and discussed by the ALJ. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Smolen, 80 F.3d at 1288. Persons who see the claimant on a daily basis are competent to testify as to their observations. Regennitter, 166 F.3d at 1298; Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). If the ALJ chooses to reject or discount the testimony of a lay witness, he or she must give reasons germane to each particular witness in doing so. Regennitter, 166 F.3d at 1298; Dodrill, 12 F.3d at 919.

Here, the ALJ acknowledged the lay witness statement submitted by plaintiff's aunt. (Tr. at 26.) The ALJ afforded that testimony "little weight" due to the testimony's "inconsistencies with the objective evidence of record," and plaintiff's "subjective symptom reports." (Id.) As noted above, the ALJ provided a clear and convincing reason for rejecting plaintiff's testimony. The ALJ may reject lay witness testimony where "the ALJ's well-supported reasons for rejecting

////

1    the claimant's testimony apply equally well to the lay witness testimony[.]" Molina v. Astrue,
2    674 F.3d 1104, 1117 (9th Cir. 2012).

3    Accordingly, the Court finds that the ALJ offered a germane reason for rejecting the lay
4    witness testimony. Accordingly, plaintiff is also not entitled to summary judgment on the claim
5    that the ALJ's treatment of the lay witness testimony constituted error.

## IV.  Step Five Finding

Plaintiff's final claim is that the ALJ's finding as step five of the sequential evaluation was not supported by substantial evidence. (Pl.'s MSJ (ECF No. 19) at 25-26.) At step five of the sequential evaluation, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)) (alterations omitted). The ALJ can meet her burden by either taking the testimony of a Vocational Expert ("VE") or by referring to the grids. See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006). Here, the ALJ relied on the testimony of a VE. (Tr. at 27.)_

While an ALJ may pose a range of hypothetical questions to a vocational expert ("VE") based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final residual functional capacity assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

////

////

Here, because the ALJ erroneously rejected Dr. Ali's medical opinion the ALJ's hypothetical question to the VE did not account for the limitations established by that evidence. (Tr. at 66-75.)

Accordingly, plaintiff is also entitled to summary judgment on the claim that the ALJ committed an error at step five of the sequential evaluation.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the Court cannot find that further administrative proceedings would serve no useful purpose. This matter, therefore, will be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted in part and denied in part;

11

2. Defendant's cross-motion for summary judgment (ECF No. 18) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 2, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\wiggins0983.ord